UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

UNITED STATES OF AMERICA

V.                            Docket No. 2:21-cr-022-1

LOREN SENNA,
Defendant

## DEFENDANT'S MOTION TO REVIEW DETENTION ORDER

NOW COMES the Defendant, by and through his attorney, Karen Shingler, Esq. and hereby respectfully moves the Honorable Court pursuant to 18 U.S.C. section 3145(b) to vacate the Detention Order issued in this matter on March 22, 2021 and to allow the Defendant's release on conditions that will assure his appearance in Court and the safety of the community. The essence of this request is the existence of newly discovered evidence that significantly weakens the government's case and casts doubt on Defendant's role in any of the offenses for which he has been charged.

### Procedural History

On March 22, 2021 a Complaint was filed against Loren Senna alleging possession of cocaine with intent to distribute, more than 28 grams. On that same date the government filed a Motion for Detention that the Defendant did not oppose at the time. A Detention Order was issued that same day.

On April 2, 2021 the Defendant was arraigned on a one count indictment alleging possession of cocaine with intent to distribute cocaine to which he plead not guilty. Defendant remained detained.

On May 4, 2021 the Defendant filed a Motion for Reconsideration of the

1

Detention Order. On May 17, 2021 a hearing was held on the Motion after which the Court denied it, finding that no combination of conditions could reasonably assure the public's safety.

On September 16, 2021 a three count superceding indictment was filed alleging 1) knowing possession with intent to distribute cocaine base 2) prohibited person in possession of a firearm and 3) knowingly in possession of firearm in furtherance of a drug trafficking crime, to which the Defendant plead not guilty.

On September 1, 2021 Defendant filed a Motion to Suppress all evidence seized subsequent to the motor vehicle stop of a White Dodge truck and the arrest of two occupants, the Defendant and Matthew Corbitt. On January 3 and 13, 2022 evidence was presented through the testimony of three law enforcement officers. On February 25, 2022 the Court issued its Decision and Order granting in part and denying in part Defendant's Motion. In its Decision the Court found that "Mr. Corbitt was the sole person of interest in a dangerous shooting incident..." It also found that Corbitt resembled the person who abandoned the damaged Jeep, and "(b)ased on police records, Bobbin Mill footage and a Facebook photo BPD believed that Mr. Corbitt matched the description of the operator of the Jeep." Notwithstanding these findings the government continued to assert that it was the Defendant that was the shooter, based primarily on the testimony of Matthew Corbitt before the Grand Jury. On information and belief there is no physical evidence that directly links the Defendant to the shooting or to the actual possession of any firearms.

**Newly Discovered Evidence**

On February 9, 2022 defense counsel received an unsolicited phone call from a

person, identified here as AB, initials that bear no resemblance to the caller's identity and used in order to protect the witness' identity. AB advised that he/she had evidence in the form of videos and statements made to he/she by Matthew Corbitt described as follows:

1) That Matthew Corbitt was the true owner of two of the three firearms seized in this case;

2) That AB had a video that showed Matthew Corbitt using one of the firearms;

3) That AB could identify the other firearm and a gun case as belonging to Corbitt;

4) That Corbitt always carried a blue backpack;

5) That AB knew that Corbitt owned the Jeep and had seen it parked at 10 Forest Street in South Burlington;

6) That Corbitt admitted to AB that he had lied before the Grand Jury;

7) That AB had already provided this information to the prosecution and had forwarded to it a copy of the video.

After the call on February 9, 2022 AB forwarded a copy of the video to defense counsel.

The Defendant does not know AB.

Counsel did not take any action regarding the evidence AB provided while the Motion to Suppress was under advisement, hoping for a positive result and dismissal of the case.

Although the government had received AB's information sometime prior to February 9, 2022 it was not until February 17, 2022 that the government spoke with AB.

3

AB was interviewed a second time on March 3, 2022. AB confirmed what AB had told defense counsel and provided detailed and specific information in support of AB's claims. AB identified photographs of two firearms, a gun case and the blue backpack seized from the white Truck allegedly involved in this offense as belonging to Matthew Corbitt.

AB testified before the Grand Jury.

AB also provided significant additional information implicating Matthew Corbitt in criminal activity. Defense counsel is loathe to provide these details in this Motion in order to protect AB's identity, however AB is prepared to testify in Court regarding AB's knowledge about this case and Matthew Corbitt.

AB also told the government that Corbitt made statements implicating the Defendant and distancing himself from the circumstances of this case, however Corbitt has admitted to lying to the Grand Jury and his credibility as a witness is nonexistent.

On March 8, 2022 the government disclosed AB as a witness and the substance of her testimony to the Defendant.

The strength of the government's case has been weakened significantly by AB's evidence. Furthermore there is no direct physical evidence or identification linking the Defendant to the shooting or possession of a firearm.

**Applicable Law**

Pursuant to 18 U.S.C. the Defendant respectfully requests the Court to amend the Detention Order to allow him to be released pending trial with conditions including that he reside with Ashley Mason, the mother of his children, and his two minor children, and that he be subject to monitoring by Pre-Trial Services.

A defendant may only be detained if there is no set of conditions under 18 U.S.C. section 3142(b) that will reasonably secure the safety of the community or that will reasonably assure the defendant's appearance at trial. See 18 U.S.C. section 3142(e)(1). Although section 3142(e)(2) delineates several offenses for which a preemption of detention arises, the presumption may be rebutted by evidence favorable to the defendant that bears on any one of the factors in section 3142(g); 1) the nature and circumstances of the offense charged; 2) the weight of the evidence against the defendant, 3) the history and characteristics of the person, or 4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

### Nature and Circumstances of the Offense Charged.

The Defendant is charged with a crack cocaine charge alleging an intent to distribute, however, there is no evidence, other than the self-serving testimony of Matthew Corbitt, that supports the allegation that the defendant distributed cocaine. The amount of cocaine found represents personal use quantities of an addict, like the Defendant, consumed over a period of 1 to 3 weeks. Unlike many who appear before this Court, Defendant was employed at the time of his arrest as a carpenter and used his legitimate earnings, savings and tax refunds to feed his habit.

It goes without saying that crimes involving guns are extremely serious. However, as argued below, there is scant evidence that the Defendant possessed the firearms.

### Weight of the Evidence Against the Defendant

Three firearms were involved in this case. One was discovered in a blue

backpack belonging to Matthew Corbitt. The other two firearms were found in a railway car, near where the Jeep was abandoned by a person resembling Matthew Corbitt, in the Bobbin Mill parking lot where Corbitt's ex-wife lived. No physical evidence, such as cell phone photos, fingerprints or testimony from persons other than Matthew Corbitt that the Defendant carried firearms. In fact, direct evidence in the form of a video and AB's identification of two firearms, the gun case and the blue backpack as belonging to Corbitt proves quite damaging to the governmenrt's case. Despite the serious nature of the offenses and the fact that a shooting was involved, no eye witness could identify the shooter, much less identify the shooter as the Defendant.

## The History and Characteristics of the Defendant

The Defendant is a middle-aged native of Burlington with two minor children, Diamond who is 16 and Lorenzo who is 14. He has made a career as a carpenter and has supported his family with his income earned as a W-2 employee, subcontractor or independent contractor. He worked for Dennis White Designs for a significant period of time and is hopeful he could obtain employment with him or any number of other contractors given the high demand for construction work. Ashley Mason, the mother of Diamond and Lorenzo provides a stable household for her children and is more than willing to have the Defendant reside with her on North Avenue.

The Defendant has been incarcerated since March 19, 2021 and has been completely drug-free since that time. He is amenable to substance abuse treatment. He does not have a propensity for violence. He could smoothly transition to the community. His strict compliance with facility rules and his lack of DR's show that he can conform his behavior to a combination of conditions including electronic monitoring.

Nature and Seriousness of Danger to the Community

The Defendant incorporates by reference the above-stated arguments in support of his lack of dangerousness. Furthermore, he is amenable to any condition of release including those that restrict his movement and requires him to undergo drug treatment.

### Conclusion

For the above-stated reasons the Defendant respectfully requests the Court to vacate the Detention Order and release him on conditions.

DATED at South Burlington, Vermont this 17th day of March, 2022.

LOREN SENNA

By: _____
Karen Shingler, Esq.
1233 Shelburne Rd, #C-4
So. Burlington, VT 05403
802-865-0654
shinglerkr@aol.com